IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**CARDALE NEILUS SMITH**                                                                         **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO.: 3:13cv248-A-A**

**CHRISTOPHER B. EPPS**                                                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Cardale Neilus Smith, a Mississippi inmate housed at the Wilkinson County Correctional Facility, has filed a civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Defendant, Christopher Epps. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed for the following reasons.

### Screening Standards

Because Plaintiff has been permitted to proceed in forma pauperis in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of in forma pauperis status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to

the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations

Plaintiff pleaded guilty to burglary of a building other than a dwelling in the Circuit Court of Panola County, Mississippi, and was sentenced on December 10, 2010, to serve a term of seven years in the custody of the Mississippi Department of Corrections ("MDOC"). His seven-year sentence was ordered to run concurrently with a previously imposed six-year sentence in Cause Number CR 2006-1-B (P2).

Plaintiff argues that MDOC has miscalculated his release date.[1] He maintains that he was entitled to release in late 2011 or early 2012, and that Defendant has acted with deliberate indifference to his right to be free from unlawful detainment. He contends that has named MDOC Commissioner, Christopher Epps, as the sole defendant in this action because Defendant Epps is ultimately responsible for ensuring that jail-time calculations are correct. Plaintiff further alleges that Defendant Epps has knowledge of Plaintiff's allegations and has failed to intervene. Plaintiff requests compensation in the amount of $500,000 for his alleged unconstitutional confinement, and he asks the Court to order his immediate release from custody.

---

[1] Plaintiff's argument appears to be that once he served his initial six-year sentence plus one additional year, his seven-year concurrent sentence was satisfied.

**Discussion**

Section 1983 is an appropriate means through which to attack unconstitutional prison procedures or conditions of confinement. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (citation omitted). However, claims that pursue "the very fact or duration of [the plaintiff's] physical imprisonment" and that seek an "immediate release or a speedier release" from confinement," must be pursued through habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Here, if Plaintiff's claims are proved, he would be entitled to an earlier release from custody. Accordingly, Plaintiff's relief is not available in a § 1983 action, and he must pursue his claims through a petition for a writ of habeas corpus.

The Court notes that habeas corpus relief generally requires exhaustion of available State court remedies. *See* 28 U.S.C. § 2254(b)(1). As Plaintiff notes in his complaint, he has already filed a federal habeas action that was dismissed without prejudice based on Plaintiff's failure to exhaust his State court remedies.[2] Since Plaintiff has not alleged that he has since exhausted his State court remedies, it would not benefit Plaintiff to construe the instant complaint as an habeas petition. Therefore, the Court will not construe it as such.

Additionally, the Court finds that Plaintiff may not seek monetary damages through this § 1983 action for his alleged improper incarceration, as civil tort actions "are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In order to recover damages on a claim of unconstitutional confinement, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to

---

[2] Plaintiff filed a habeas action associated with his incarceration that was dismissed on July 30, 2013, for Plaintiff's failure to exhaust. *See Smith v. Epps*, No. 3:13cv117-SA-DAS.

make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. Because success in this suit would necessarily demonstrate the invalidity of the duration of Plaintiff's confinement, he must first demonstrate a successful challenge to his current imprisonment before he may proceed in a § 1983 action for damages based on his alleged unconstitutional confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Accordingly, *Heck* bars Plaintiff's suit for damages.

## Conclusion

Plaintiff's claim for release from custody is habeas in nature and is **DISMISSED**. Plaintiff's claim for monetary damages is barred by *Heck* and is **DISMISSED WITH PREJUDICE**. A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED** this the 13th day of November, 2013.

/s/ **Sharion Aycock**
**U.S. DISTRICT JUDGE**